UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joseph Weathers, | ) C/A No.2:09-270-JFA-RSC |
| Plaintiff, | ) |
| vs. | ) |
| Mary Pou of POU Court; | ) Report and Recommendation |
| Berkeley County Dept of Social Service; | ) |
| Berkeley County Family Court System; | ) |
| Mary P. Brown, Clerk of Court; | ) |
| Sandra Holland, Child Support Coodr, and | ) |
| Judge Landis, Berkeley County Family | ) |
| Court Judge, | ) |
| Defendants. | ) |

This is a civil action filed *pro se* by a person currently detained in a county detention center.[1] At the time the Complaint was filed in this case, Joseph Weathers (Plaintiff) was confined at the Berkeley County Detention Center apparently serving a civil contempt sentence entered against him by the Berkeley County Family Court for failure to pay child support. Plaintiff claims that the Family Court made the wrong decision when it found that he could work even though he has a Social Security disability case pending. He also claims that most of the court and state agency-related participants in that Family Court case failed to perform their duties in a manner that protected his rights in the case, and that Defendant Pou, who apparently testified against Plaintiff in the Family Court, did not testify truthfully. Plaintiff contends that he is being subjected to "wrongful

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

imprisonment," (Entry 1, Complaint 2), as a result of the alleged wrongdoing by Defendants. He asks this Court to overturn the Berkeley County Family Court's contempt judgment and sentence so that he can be released from confinement. He also seeks damages from each Defendant.

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of*

2

*Social Servs.*, 901 F.2d 387 (4th Cir. 1990).  Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

Plaintiff contends that he suffered "unfair justice" in the Berkeley County Family Court and sues several state or county employees and agencies and one private individual for allegedly violating his federal civil rights in connection with that case.  Under the circumstances alleged, the *pro se* Complaint is being liberally construed as having been filed pursuant 42 U.S.C. § 1983, the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law.  *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails.  *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996)(emphasis added).  Section 1983 is the only basis apparent from the face of the pleading for this Court's potential exercise of federal question jurisdiction in this case.  It is clear that there is no basis for the exercise of diversity jurisdiction since Plaintiff and all Defendants appear to be South Carolina residents. *See   M & I Heat Transfer Prods, Ltd. v. Willke*, 131 F. Supp. 2d 256, 260 (D. Mass. 2001)(complete diversity rule requires that, to maintain a diversity suit in federal court, no plaintiff can be a citizen of the same state as any of the defendants).

All of Plaintiff's § 1983 claims against all Defendants are subject to summary dismissal because, under the *Rooker-Feldman* Doctrine, this

Court is without jurisdiction to consider them or to award the relief requested. The proceedings conducted and rulings made in the Berkeley County Family Court cannot be reviewed or set aside by the United States District Court for the District of South Carolina in this case. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476-82 (1983)(a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257.).[2] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). This prohibition on review of state court orders by federal district courts is commonly referred to as the *Rooker-Feldman* Doctrine or the *Feldman-Rooker* Doctrine. *See, e.g., Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005); *Davani v. Va. Dep't of Transport.*, 434 F.3d 712 (4th Cir. 2006); *Ivy Club v. Edwards*, 943 F.2d 270, 284 (3d Cir. 1991). Because the *Rooker-Feldman* Doctrine is jurisdictional it may be raised by the Court *sua sponte*. *American Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003). According to the Fourth Circuit, "the *Rooker-Feldman* doctrine applies . . . when the loser in state court files suit in federal district court seeking redress for an

_____

[2] Appeals of orders issued by lower state courts must go to a higher state court. Secondly, the Congress, for more than two hundred years, has provided that only *the Supreme Court of the United States* may review a decision of a state's highest court. *See* 28 U.S.C. § 1257(since 1988, such Supreme Court review is discretionary by way of a writ of certiorari and is not an appeal of right); *see Ernst v. Child and Youth Servs.*, 108 F.3d 486, 491(3d Cir. 1997) . In civil, criminal, and other cases, the Supreme Court of the United States has reviewed decisions of the Supreme Court of South Carolina that were properly brought before it under 28 U.S.C. § 1257 or that statute's predecessors. *E.g., Lucas v. South Carolina Coastal Council*, 505 U.S. 1003 (1991) (an example of a South Carolina Supreme Court case that was reviewed by the United States Supreme Court).

injury allegedly caused by the state court's decision itself." *Davani v. Virginia Dep't of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006); *cf. Ruttenberg v. Jones*, 2008 WL 2436157 (4th Cir. June 17, 2008)(reversing a *Rooker/Feldman* dismissal). In this case, Plaintiff is clearly suing in this Court because he feels that he was injured by the Family Court's judgment and sentence. *See Willner v. Frey,* No. 06-1432, 2007 WL 222778 (4th Cir. August 3, 2007). He asks this Court to review the proceedings and overturn the Family Court decision. In addition, he wants damages to compensate him for the injury of imprisonment he received as a result of the Family Court's decision in his child-support case.

Longstanding precedents preclude the United States District Court for the District of South Carolina from reviewing the findings or rulings made by the South Carolina State Courts. The *Rooker-Feldman* Doctrine applies to bar the exercise of federal jurisdiction even when a challenge to state court decisions or rulings concerns federal constitutional issues such as some of those Plaintiff attempts to raise in this case. *See Arthur v. Supreme Court of Iowa*, 709 F. Supp. 157, 160 (S.D. Iowa 1989). The doctrine also applies even if the state court litigation has not reached a state's highest court. *See Worldwide Church of God v. McNair*, 805 F.2d 888, 893 & nn. 3-4 (9th Cir. 1986); *see also* 28 U.S.C. § 1738 (federal court must accord full faith and credit to state court judgment); *Robert Wood & Wire Prods. v. Namaco Indus.*, 797 F.2d 176, 178 (4th Cir. 1986). It is not clear from the allegations in the Complaint whether or not Plaintiff is pursuing an appeal from the Family Court judgment, but, if he is, *Rooker-Feldman* still prohibits review of the Family Court case by this Court. *See*

*Anderson v. Colorado*, 793 F.2d 262, 263 (10th Cir. 1986)("[I]t is well settled that federal district courts are without authority to review state court judgments where the relief sought is in the nature of appellate review."); *see also Hagerty v. Succession of Clement*, 749 F.2d 217, 219-20 (5th Cir. 1984)(collecting cases). To rule in favor of Plaintiff on his constitutional claims would, necessarily, require this Court to overrule (or otherwise find invalid) various orders and rulings made in the Berkeley County Family Court. Such a result is prohibited under the *Rooker-Feldman* Doctrine. *Davani*, 434 F.3d at 719-20; *see Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. at 293-94; *Jordahl v. Democratic Party of Va.*, 122 F.3d at 201. Accordingly, the Complaint filed in this case is subject to summary dismissal without service on any Defendant for lack of subject matter jurisdiction.

Moreover, to the extent that Plaintiff seeks to recover damages from Defendants Berkeley County Family Court System or Department of Social Services, his Complaint is barred by the Eleventh Amendment to the United States Constitution. The Amendment divests this Court of jurisdiction to entertain a suit for damages brought against the State of South Carolina or its integral parts. The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

*See Alden v. Maine*, 527 U.S. 706 (1999); *College Savs. Bank v. Florida Prepaid Educ. Expense Bd.*, 527 U.S. 666 (1999); *College Savs. Bank v. Florida Prepaid Educ. Expense Bd.*, 527 U.S. 627 (1999); *Seminole Tribe*

of *Florida v. Florida*, 517 U.S. 44 (1996); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 61-71 (1989); *Bellamy v. Borders*, 727 F. Supp. 247, 248-50 (D.S.C. 1989); *Coffin v. South Carolina Dep't of Social Servs.*, 562 F. Supp. 579, 583-585 (D.S.C. 1983); *Belcher v. South Carolina Bd. of Corrections*, 460 F. Supp. 805, 808-09 (D.S.C. 1978); *see also Harter v. Vernon*, 101 F.3d 334, 338-39 (4th Cir. 1996); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984)(although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens).

Under *Pennhurst*, 465 U.S. at 99n. 9, a state must expressly consent to suit in a federal district court. The State of South Carolina has not consented to suit in a federal court. Specifically, Section 15-78-20(e) of the South Carolina Code of Laws (Cum. Supp. 1993), is a statute in the South Carolina Tort Claims Act which expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another state. *See McCall v. Batson*, 285 S.C. 243, 329 S.E.2d 741, 743 (1985)(Opinion abolishing sovereign immunity in tort "does not abolish the immunity which applies to all legislative, judicial and executive bodies and to public officials who are vested with discretionary authority, for actions taken in their official capacities."). *Cf. Pennhurst*, 465 U.S. at 121 ("[N]either pendent jurisdiction nor any other basis of jurisdiction may override the

Eleventh Amendment."). Both the Berkeley County Family Court System, part of South Carolina unified court system, *see* S.C. Const. Art. V, § 1, and the Department of Social Services, a state agency, are integral parts of the state. Thus, they are entitled to Eleventh Amendment immunity from Plaintiff's claims in this case.

Also, the Defendant Pou, who apparently testified against Plaintiff, cannot be sued under 42 U.S.C. § 1983 for providing her testimony in the Family Court case. A rule of absolute witness immunity has been adopted by the majority of Courts of Appeals. *See Brawer v. Horowitz*, 535 F.2d 830, 836- 37 (3d Cir. 1976) (lay witness in federal court; *Bivens* action); *Burke v. Miller*, 580 F.2d 108 (4th Cir. 1978) (state medical examiner; § 1983 action); *Charles v. Wade*, 665 F.2d 661 (5th Cir. 1982)(police officer witness; § 1983 suit); *Myers v. Bull*, 599 F.2d 863, 866 (8th Cir. 1979) (police officer witness; § 1983 suit); *Blevins v. Ford*, 572 F.2d 1336 (9th Cir. 1978) (private witnesses and former assistant U.S. attorney; action under §1983 and the Fifth Amendment).

Additionally, to the extent that Plaintiff seeks damages from Judge Landis, the Family Court judge, his suit is barred by the doctrine of judicial immunity. As the Fourth Circuit has stated relevant to the reasons for the doctrine of absolute immunity for judges:

> The absolute immunity from suit for alleged deprivation of rights enjoyed by judges is matchless in its protection of judicial power. It shields judges even against allegations of malice or corruption. . . . The rules is tolerated, not because corrupt or malicious judges should be immune from suit, but only because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.

*McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir. 1972)(citations omitted), *overruled on other grounds*, *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995).

The doctrine of absolute immunity for acts taken by a judge in connection with his or her judicial authority and responsibility is well established and widely recognized. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)(judges are immune from civil suit for actions taken in their judicial capacity, unless "taken in the complete absence of all jurisdiction."); *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987)(a suit by South Carolina inmate against two Virginia magistrates); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."); *see also Siegert v. Gilley*, 500 U.S. 226 (1991)(immunity presents a threshold question which should be resolved before discovery is even allowed); *Burns v. Reed*, 500 U.S. 478 (1991)(safeguards built into the judicial system tend to reduce the need for private damages actions as a means of controlling unconstitutional conduct); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense to liability").

Finally, the Plaintiff's claims against Defendant Brown, the Berkeley County Clerk of Court, and Defendant Holland, the Family Court Child Support Coordinator, are barred by the doctrine of absolute quasi-judicial immunity. That doctrine has been adopted and made applicable

to court support personnel, such as Brown, because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]'" *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992); *see also Ashbrook v. Hoffman*, 617 F.2d 474, 476 (7th Cir. 1980)(collecting cases on immunity of court support personnel).

### Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Plaintiff's attention is directed to the important notice on the next page.

Robert S. Carr
United States Magistrate Judge

March *16*, 2009
Charleston, South Carolina

10

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).